IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DENIS MARTIN SHUMARD, | * | |
| DEBORAH SORENSON, TIMOTHY | * | |
| GRESGE, FRANCINE MITZMAN, and | * | |
| JOHN LOSACCO, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.:   0:16-cv-62468-BB |
| | * | |
| CHRISTIAN MCKEON, JOSEPH DAUCH, | * | |
| ATHANASIOS ZIROS, PRITI DUBAL, | * | |
| POP'S PHARMACY, CGX MARKETING, | * | |
| and SDS MARKETING | * | |
| | * | |
| DEFENDANTS. | * | |

**AMENDED COMPLAINT**
{Jury Trial Demanded}

Plaintiffs, DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINE MITZMAN, and JOHN LOSACCO, bring this action against Defendants CHRISTIAN MEKEON, JOSEPH DAUCH, ATHANASIOS ZIROS, PRITI DUBAL, POP'S PHARMACY, CGX MARKETING, and SDS pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

**JURISDICTION**

1.    This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), in that this is a claim for overtime and minimum wages under Fair Labor Standards Act of 1938, 29 U.S.C. §201-219 ("FLSA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because these claims are related to and form part of the same case or controversy as Plaintiff's federal claims. This Court has personal jurisdiction over the Parties to this action in that the Plaintiff's have subjected

1

themselves to the jurisdiction of this Court, the Defendants POP'S PHARMACY, CGX MARKETING, and SDS are Florida corporations and the Defendants CHRISTIAN MCKEON, JOSEPH DAUCH, ATHANASIOS ZIROS, and PRITI DUBAL are Florida residents.

## VENUE

2. Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) in that at least one Defendant resides in and are found in this judicial district, and a substantial part of the events giving rise to Plaintiffs' complaint occurred in this judicial district.

## PARTIES

3. At all times material hereto, Plaintiffs, DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINE MITZMAN, and JOHN LOSACCO, were residents of the State of Florida and "employees" of Defendants as defined by the FLSA, and are otherwise *sui juris*.

4. At all times material hereto, Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINCE MITZMAN, and JOHN LOSACCO engaged in interstate commerce on a regular and recurring basis, within the meaning of the FLSA, through interstate communications.

5. At all times material hereto, Defendants, POP'S PHARMACY, CGX MARKETING, and SDS were Florida corporations with their principal places of business in South Florida, engaged in commerce in the field of telemarketing medications, at all times material hereto was the "employer" of Plaintiffs as that term is defined under the statutes referenced herein, engaged along with its employees in interstate commerce, and have annual gross sales or business volume of $500,000 or more.

6.      Defendant, CHRISTIAN MCKEON was, and now is, the managing agent, director or owner of Defendant, CGX MARKETING and SDS; said Defendant acted and acts directly in the interests of Defendant, CGX MARKETING and SDS, in relation to said co-Defendant's employees. Defendant effectively dominates CGX MARKETING and SDS administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CHRISTIAN MCKEON was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d), and is otherwise *sui juris*

7.      Defendant, JOSEPH DAUCH, is a resident Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, CGX MARKETING and SDS; said Defendant acted and acts directly in the interests of Defendant, CGX MARKETING and SDS, in relation to said co-Defendant's employees. Defendant effectively dominates CGX MARKETING and SDS administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JOSEPH DAUCH was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d), and is otherwise *sui juris*

8.      Defendant, ATHANASIOS ZIROS, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, CGX MARKETING and SDS; said Defendant acted and acts directly in the interests of Defendant, CGX MARKETING and SDS, in relation to said co-Defendant's employees. Defendant effectively dominates CGX MARKETING and SDS administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of

others. Thus, CGX MARKETING and SDS were and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d), and is otherwise *sui juris*.

9. Defendant PRITI DUBAL is believed to be a resident of Broward County, Florida, and is an officer of POP'S PHARMACY LLC, and is an employer as defined by the FLSA, and is otherwise *sui juris*.

10. In justifiable reliance upon Defendants' representations and promises, Plaintiffs, DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINE MITZMAN, and JOHN LOSACCO, accepted employment and began working for Defendants as telephone marketers.

## FACTUAL ISSUES COMMON TO ALL COUNTS

11. Defendant POP'S PHARMACY operates a call center that telephone markets prescription drugs to customers throughout the United States.

12. As a matter of convenience to Defendant POP'S PHARMACY, its employees were paid through its affiliated companies, Defendants CGX MARKETING, SDS, and SMART TIME MARKETING.

13. At all times material, Defendants CHRISTIAN MEKEON, JOSEPH DAUCH, and ATHANASIOS ZIROS were acting directly or indirectly in the interest of an employer in relation to the employees of CGX MARKETING, and SDS including Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINE MITZMAN, and JOHN LOSACCO as employees, and are therefore employers within the meaning of the FLSA.

14. Defendant PRITI DUBAL was the owner and President of POPS PHARMACY, and at times CGX MARKETING and SDS sold prescriptions for and at the direction of POPS

4

PHARMACY. POPS PHARMACY employed Defendants CHRISTIAN MCKEON, JOSEPH DAUCH, and ATHANASIOS ZIROS who controlled the terms of employment, pay and working conditions of the Plaintiffs. The individual defendants, CHRISTIAN MCKEON, JOSEPH DAUCH, ATHANASIOS ZIROS and PRITI DUBAL are "employers," as defined in 29 U.S.C. §203(d), as they have operational control over CGX MARKETING and SDS, the Defendants and are directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs, or otherwise controlled the corporations' "purse strings."

15. Although Plaintiffs were employees of POP'S PHARMACY, they were paid with a check issued on Defendants CGX MARKETING and SDS. To the extent the Defendants CGX MARKETING and SDS were also the Plaintiffs employers, it was a joint-employer with Defendant POP'S PHARMACY within the meaning of the FLSA and Florida law. At all times material, and to the extent that Defendants CGX MARKETING and SDS were employers of Plaintiffs, Defendants CHRISTIAN MCKEON, JOSEPH DAUCH, ATHANASIOS ZIROS and PRITI DUBAL were acting directly or indirectly in the interest of an employer in relation to the employees of CGX MARKETING and SDS including Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGE, FRANCINE MITZMAN, and JOHN LOSACCO, and were therefore employers within the FLSA.

16. At all times material CGX MARKETING and SDS, was open Monday through Friday. Their hours of operation were from 8:30 a.m. to 4:30 p.m.

17. Plaintiffs were required to be at work from 8:30 a.m. to 4:30 p.m.

18. Defendants did not pay Plaintiffs for a half hour lunch and a half hour break regardless of whether the employee took a lunch or a break.

5

19. Plaintiffs were employed by the Defendants as telephone marketers in a call center in Broward County, Florida and called customers throughout the United States.

20. Defendants agreed to pay the Plaintiffs a $15.00 an hour base wage.

21. Defendants agreed to pay the Plaintiffs a $50.00 commission for every prescription they sold to a customer.

22. The Plaintiffs sold prescriptions medications approximately $2,500.00 a prescription. The average customer was sold approximately 3-5 prescriptions. The Plaintiffs sold an approximate average of 18 prescriptions a day for an approximate daily commission of $900 (18 x $50.00).

23. By reason of the foregoing, the Defendants were, and during all material times, an enterprise engaged in commerce or in production of goods for commerce as defined by the FLSA, and/or Plaintiffs and those similarly situated, are acting in interstate commerce as defined by the FLSA.

24. Plaintiff SHUMARD was employed by Defendants as a telephone marketer at a call center at 31 Southeast 24th Avenue, Ste 1, Pompano Beach, Florida 33062, from April 25, 2016, to August 31, 2016. He was involved in "commerce" within the meaning of the FLSA.

25. Plaintiff SORENSON was employed by Defendants as a telephone marketer at a call center at 31 Southeast 24th Avenue, Ste 1, Pompano Beach, Florida 33062, from July 5, 2016, to August 30, 2016. She was involved in "commerce" within the meaning of the FLSA.

26. Plaintiff GRESGE was employed by Defendants as a telephone marketer at a call center at 31 Southeast 24th Avenue, Ste 1, Pompano Beach, Florida 33062, from April 10, 2016, to June 21, 2016. He was involved in "commerce" within the meaning of the FLSA.

27.     Plaintiff MITZMAN was employed by Defendants as a telephone marketer at a call center at 31 Southeast 24th Avenue, Ste 1, Pompano Beach, Florida 33062, from January 11, 2016, to August 31, 2016, She was involved in "commerce" within the meaning of the FLSA.

28.     Plaintiff LOSACCO was employed by Defendants as a telephone marketer at a call center at 31 Southeast 24th Avenue, Ste 1, Pompano Beach, Florida 33062, from May 11, 2016, to August 31, 2016. He was involved in "commerce" within the meaning of the FLSA.

29.     During Plaintiffs' employments, Defendants did not pay Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGEE, FRANCINE MITZMAN, and JOHN LOSACCO the full and proper minimum wages as required by the FLSA for all hours worked each week.

30.     During Plaintiffs' employments, Defendants did not pay Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, TIMOTHY GRESGEE, FRANCINE MITZMAN, and JOHN LOSACCO the full and commissions they earned as required by the terms of their employment.

31.     The records, if any, concerning the date ranges of Plaintiffs' employment, the number of hours Plaintiffs actually worked, the compensation actually paid to Plaintiffs, the commissions earned and the commissions paid are in the possession and/or control of Defendants.

32.     Defendants have knowingly and willfully refused to pay Plaintiffs all of their legally-entitled wages and commissions.

33.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

34.     Plaintiffs' have retained the services of the undersigned and are obligated to pay for the legal services provided.

35.     Plaintiffs DENIS MARTIN SHUMARD, FRANCINE MITZMAN, and JOHN LOSACCO, were not paid the base pay of $15.00 an hour from August 15, 2016, to August 31, 2016 and are owed approximately $1,560.00 for their base pay for this period.

36.     Plaintiff DEBORAH SORENSON was not paid her base pay of $15.00 an hour from August 18, 2016, to August 31, 2016 and is owed approximately $840.00 for her base pay for this period.

37.     Plaintiffs DENIS MARTIN SHUMARD, DEBORAH SORENSON, FRANCINE MITZMAN, and JOHN LOSACCO, were not paid any commissions from August 15, 2016, to August 31, 2016.

38.     Plaintiff DEBORAH SORENSON sold approximately 601 prescriptions from July 6, 2016, to August 31, 2016, and is owed approximately $30,050.00 (601 x $50.00) in commissions.

39.     Plaintiff DENIS MARTIN SHUMARD worked approximately worked 90 days from April 25, 2016, to August 31, 2016. During this time period he sold approximately 18 prescriptions a day and is owed an estimated $81,000.00 (90 x 18 x 50) in commissions.

40.     Plaintiff FRANCINE MITZMAN worked approximately 163 days from January 11, 2016, to August 31, 2016. During this time period she sold approximately 18 prescriptions a day and is owed an estimated $146,700.00 (163 x 18 x 50) in commissions.

41.     Plaintiff JOHN LOSACCO worked approximately worked 76 days from May 16, 2016, to August 31, 2016. During this time period he sold approximately 18 prescriptions a day and is owed an estimated $68,400.00 (76 x 18 x 50) in commissions.

42.     Plaintiff TIMOTHY GRESGE, was not paid the base pay of $15.00 an hour from June 6, 2016, to June 20, 2016, and is owed $1,560.00 for his base pay for this period.

43. Plaintiff TIMOTHY GRESGE, was not paid any commissions from June 6, 2016, to June 20, 2016.

44. Plaintiff TIMOTHY GRESGE, was paid $1,200.00 in commissions from April 12, 2016, to June 20, 2016, and is owed an estimated additional $7,500.00 based on a pay rate of $50 per prescription he sold during this time period.

45. The applicable minimum wage was $8.05 per hour.

46. Plaintiff TIMOTHY GRESGE worked a total of 88 hours without pay from June 6, 2016, to June 20, 2016, and is owed approximately $450.80 in minimum wage.

47. Plaintiffs DENIS MARTIN SHUMARD, FRANCINE MITZMAN, and JOHN LOSACCO, worked a total of 104 hours without pay from August 15, 2016, to August 31, 2016, and are owed approximately $837.20 in minimum wage.

48. Plaintiff DEBORAH SORENSON, worked a total of 56 hours without pay from August 18, 2016, to August 31, 2016, and are owed approximately $450.80 in minimum wage.

## COUNT I

## VIOLATION OF MINIMUM WAGE LAWS

49. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-47 above as if set forth herein in full.

50. At all times material there was in full force and effect, the FLSA, and more specifically 29 U.S.C. § 206, which requires that "[e]very employer shall pay to each of his employees . . . wages at the following rates: $6.55 an hour, beginning on [July 24, 2007]; and $7.25 per hour, beginning [July 24, 2009]." At all times material hereto, the Employer failed to comply with §3(m) of the FLSA, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that

Plaintiffs and other similarly situated actually received less than the applicable minimum wage per hour for the reasons alleged above, which resulted in a minimum wage violation.

51.     In addition, at all times material there was in full force and effect, Fla. Const. Art. 10 § 24 requiring that "[e]mployers shall pay [e]mployees [w]ages no less than the minimum wage for all hours worked in Florida."  This amendment was passed in the 2004 general election and required that six months after enactment, the minimum wage was to be $6.15 per hour (May 2005). Beginning on September 30, 2005, the rate is set by the Florida Agency for Workforce Innovation each year on that date, to take effect on January 1 of the following year.  Under this law, the minimum wage was $8.05 per hour.

52.     Defendant POP'S PHARMACY, CGX MARKETING and SDS violated the minimum wage requirements of the FLSA and Fla. Const. Art. 10 § 24 by failing to pay the Plaintiffs the applicable minimum wage for each hour they worked.  The Defendants POP'S PHARMACY, CGX MARKETING and SDS are enterprises engaged in commerce within the meaning of the FLSA, and/or the Plaintiffs were engaged in commerce within the meaning of the FLSA.

53.     Plaintiffs are entitled to the applicable minimum wage of $8.05, for each of the hours they worked for POP'S PHARMACY, CGX MARKETING and SDS, and an additional amount as liquidated damages, together with prejudgment interest, attorneys' fees and costs.

54.     Defendant POP'S PHARMACY is liable for such amounts together with Defendants CGX MARKETING and SDS because it is either an employer or joint employer within the meaning of the FLSA and Florida law.

55.     CHRISTIAN MCKEON, JOSEPH DAUCH, ATHANASIOS ZIROS, and PRITI DUBAL are liabile for such amounts together with Defendants  POP'S PHARMACY, CGX

MARKETING and SDS because they are employers within the meaning of the FLSA and Florida law.

56. All Defendants acted willfully in refusing to pay the required minimum wages.

**COUNT II**
**CLAIM FOR UNPAID WAGES**

57. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-47 above as if set forth herein in full.

58. All of the Plaintiffs stopped working for the Defendants by August 31, 2016.

59. At the time Plaintiff DEBORAH SORENSON stopped working, she was owed the following unpaid wages:

    a. $840.00 in base salary;

    b. $30,050.00 for commissions.

60. At the time Plaintiff TIMOTHY GRESKE stopped working, he was owed the following unpaid wages:

    a. $1,320.00 for his base salary;

    b. $7,500.00 for commissions.

61. At the time Plaintiff DENIS MARTIN SHUMARD stopped working, he was owed the following unpaid wages:

    a. $1,560.00 for his base salary;

    b. $81,000.00 for commissions.

62. At the time Plaintiff FRANCINE MITZMAN stopped working, she was owed the following unpaid wages:

    a. $1,560.00 for her base salary;

    b. $146,700.00 for commissions.

63. At the time Plaintiff JOHN LOSACCO stopped working, he was owed the following unpaid wages:

    a. $1,560 for his base salary;

    b. $64,400.00 for commissions.

64. The Plaintiffs demanded payment of the unpaid wages from the Defendants; however the Defendants failed and continues to refuse to pay the Plaintiffs their unpaid wages.

65. As a result of Defendants actions the Plaintiffs have been damaged.

66. Pursuant to Fla. Stat. § 448.08, Plaintiffs respectfully demands judgment against Defendants for any unpaid wages owed them, together with interest, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1. That this Court issue proper process requiring the Defendants to answer this Complaint;

2. That this Court empanel a jury to try all issues triable;

3. That this Court enter Judgment in favor of Plaintiffs, individually and collectively, and against the Defendants, each of them for the full amount of the actual damages they suffered, including but not limited to, their minimum wages, unpaid wages, liquidated damages, and unpaid commissions.

4. That this Court award prejudgment interest, reasonable attorneys' fees and costs;

5. That this Court award such other, further relief to which Plaintiffs may be entitled.

Dated: October 19, 2016

Respectfully submitted,

_____
Jared Dokovna, Fla Bar. No. 833371
Dokovna & Walsh, P.A.
Attorney for Plaintiffs
6231 PGA Blvd, Ste 104-242
Palm Beach Gardens, Florida 33418
Ph. 786-220-1665
Fx. 305-397-1271
Email: jared@dokovna.com