UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISON

DENIS MARTIN SHUMARD,            :
DEBORAH SORENSON, TIMOTHY        :
GRESGE, FRANCINE MITZMAN, and    :       Case No. 0:16- CV-62468-BB
JOHN LOSACCO,                    :
                                 :
      Plaintiffs.                :
                                 :
Vs.                              :
                                 :
CRISTIAN MCKEON, JOSEPH DAUCH,   :
ATHANSIOS ZIROS, PRITI DUBAL, POP'S :
PHARMACY, CGX MARKETING, and     :
SDS MARKETING,                   :
                                 :
      Defendants.                :
_____/

## <u>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>

COMES NOW, the Defendants, CRISTIAN MCKEON, JOSEPH DAUCH, THANSIOS ZIROS, PRITI DUBAL, POP'S PHARMACY, CGX MARKETING, and SDS  MARKETING, by and through the undersigned attorney, and pursuant to Fed.R.Civ.P 12(b)(2) and 12(b)(6), files this Motion to Dismiss the Amended Complaint filed by Plaintiff on October 20, 2016. In the alternative, Defendants move for a more definite statement pursuant to Fed.R.Civ.P 12(e). Plaintiffs were independent contracts and are not entitled to any of the damages requested. The entity providing wages to Plaintiffs downsized on August 31, 2016 and attempts to provide payment to Plaintiffs were not accepted. No commissions were ever paid or promised to any of the Plaintiffs. Plaintiffs have named corporate Defendants which do not exist and/or have never existed in addition to individual Defendants who were employees of another misnamed entity. As there are no exhibits showing any of the Plaintiffs were employed by any of the Defendants nor any exhibits showing any of the Defendants liable, Plaintiffs' claims should be dismissed.

1

## MEMORANDUM OF LAW

## I.  BACKGROUND

The three of the five Plaintiffs filing this action were never employees of any of the named Defendants. Those Plaintiffs were independent contractors paid by none of the entities or persons listed as Defendants. Only DEBORAH SORENSON and JOHN LOSACCO were employees of a not properly named entity. None of the entities identified as Defendants by the Plaintiff currently exist. POP'S PHARMACY, CGX MARKETING, and SDS MARKETING are not currently active corporations listed with the Florida Secretary of State. One of the entities listed was an active Florida corporation, but is no longer active and never employed any of the Plaintiffs. Another entity is not a corporation. The third entity does and has never existed.

The entity providing wages to Plaintiffs downsized suddenly on August 31, 2016 when Defendants primary provider went out of business with no notice. Attempts were made to provide payments to Plaintiffs, but Plaintiffs refused to accept payments for services rendered. No commissions were ever paid or promised to any of the Plaintiffs – one of who was paid through her own corporate entity.

Individual Defendants JOSEPH DAUCH and THANSIOS ZIROS were employees of an entity not specifically named by Plaintiffs. Neither were employers nor were either responsible for payment of any wages or monies to Plaintiffs. Defendant PRITI DUBAL was a corporate officer for POP'S PHARMACY, INC., which is no longer an active corporation. DUBAL was not the employer of any of the Plaintiffs and was never responsible for wages or monies paid to Plaintiffs.

CHRISTIAN MCKEON is the only Defendant properly identified as he was the officer for the misnamed Defendant entity that provided wages to Plaintiffs. However, the Amended

2

Complaint should be dismissed because the Plaintiffs were not regular hourly employees, they were independent contractors, paid $15 per hour plus bonuses who do not even claim to have worked over 40 hours in any week.

## II.  MOTION TO DISMISS LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court is required to view the complaint in the light most favorable to the Plaintiff. *Murphy v. F.D.I.C.,* 208 F.3d 959, 962 (11th Cir. 2000). In connection with its review of a complaint, the Court must accept all of the plaintiff's allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

The Court's analysis is generally limited to the four corners of the pleading and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, as Twombly holds, a complaint should be dismissed for failure to state a claim when the factual allegations in the complaint are not plausible on their face. A plaintiff is obligated to provide the grounds for entitlement to relief, and this obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The facts alleged in the complaint must cross "the line from conceivable to plausible . . ." *Id.* at 1974.More recently, the United States Supreme Court in *Aschcroft v. lqbal*, 129 S. Ct. 1949-50 (2009), held that "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." The Court further noted that "[t]he plausibility standard is not akin to a `probability requirement,' but it asks for ***more than a***

*sheer possibility* that a defendant has acted unlawfully." (emphasis added). It added: "Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — that the pleader is entitled to relief." *See also, Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

Plaintiffs have provided no documentation or exhibits to evidence any of them were employed by any of the named Defendants. Plaintiffs claim they are each owed between $840 and $1,560 for base salary, which is basically one paycheck each. Plaintiffs claim they are each owed between $7,500 and $146,700 in commissions with no evidence any of them were ever paid or promised commissions. Plaintiffs refused to accept paychecks offered to them for work performed after August 26, 2016, which were the date of the last paychecks accepted by Plaintiffs.

The Court is not required to accept the labels and legal conclusions in the complaint as true. *Edwards v. Prime, Inc.* No. 09-11699 at page 20 (11th Circuit 4/9/2010) *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009). Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level." *Rivell v. Private Health  Care Sys., Inc.,* 520 F.3d 1308, 1309 (11th Cir. 2008)(quoting Twombly, 550 U.S. at 555, 127 S.Ct. at 1965). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal,* 578 F.3d at 1260 (citing *Iqbal,* 129 S.Ct. at 1950; *Twombly,* 550 U.S. at 561–62, 570, 127 S.Ct. at 1968–69, 1974). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966–67).

The Plaintiffs must show some evidence of who the employer was as each claims to have been paid for months prior to the last paycheck for less than two weeks was unpaid. Yet not one of the Plaintiffs has produced a single paycheck or a single document showing any of them was employed by any of the listed Defendants. Without any evidence of employment or payment owed, Defendants Amended Complaint must be dismissed.

## III.    IMPROPER DEFENDANTS

The Plaintiffs have listed  seven Defendants as their employer, four individuals and three entities. None of the entities listed exist as identified. POP'S PHARMACY, INC. was an active corporation but is listed by the Florida Secretary of State as "Inactive". Neither "CGX MARKETING" nor "SDS MARKETING" are corporations listed by the Florida Secretary of State. None of the "corporate" entities listed by Plaintiffs are active corporations. The Amended Complaint should be dismissed based on that.

Of the four persons listed, only Christopher McKeon was individually involved as the Officer of the entity which paid Plaintiffs during the entire time each provided services. None of the remaining individual Defendants,  Dauch, Ziros or Dubal, are officers in the actual entity which paid Plaintiffs. The Eleventh Circuit in  *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1309  (11th Cir. 2013) stated:

> The FLSA creates a private right of action against any "employer" who violates its minimum-wage or overtime provisions. 29 U.S.C. § 216(b). The Act defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' " *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir.2011) (quoting 29 U.S.C. § 203(d)). Based on this broad definition, we have joined the "overwhelming weight of authority" and held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation,

jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)). In this appeal, we must determine whether corporate supervisors other than officers may be personally liable under the FLSA, and we must clarify the degree and type of operational control that will support individual liability.

The Appellate Court found that a supervisor's title alone will not establish liability under the FLSA. To "support individual liability, there must be control over "significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee." Id. at 1314; *Alvarez Perez*, 515 F.3d at 1160 (quoting *Wargo*, 803 F.2d at 638). In other words, while control need not be continuous, it must be both substantial and related to the company's FLSA obligations. There is nothing over the a repeat of the statutory language that provides any facts showing any liability on the basis of any named individual Defendant. Therefore the complaint must be dismissed against all named Defendants.

## IV. <u>NO ALLEGATIONS OF MINIMUM WAGE VIOLATION</u>

Plaintiffs admit in paragraph in paragraphs 16 and 17 that they did not work more than eight hours per day, Monday through Friday, totaling a maximum of forty hours per week. There is no overtime complaint. Plaintiffs also state in paragraph 20 that they were paid $15 per hour. That is almost double the minimum wage of $8.05 per hour Plaintiffs recognize as minimum wage. Plaintiffs refused to accept payments offered to them and decided to make a federal case out of it when the sole provider relied on by the employer went out of business with no notice. The Plaintiffs should not be allowed to refuse payment and then file a federal lawsuit seeking hundreds of thousands of dollars in commissions never promised nor earned. It should also be noted that Plaintiff FRANCINE MITZMAN was never paid individually but was paid through a legal entity, AA Jackson LLC. Incredibly she claims she is owed $1,560 in base salary and

$146,700 in commissions. Plaintiff MITZMAN refused to accept the cashier's check for $600 that was offered to pay her for her last week at minimum wage.

### V.  DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

In the alternative, Defendants also move for a more definite statement pursuant to Federal Rule 12(e). A motion for a more definite statement will be granted if "the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to itself." See Hobbs v. BH Cars, Inc., No. 04 60327-CIV, 2004 WL 1242838 (S.D. Fla. June 4, 2004). Based on the above, the Court should either dismiss Plaintiffs' Amended Complaint or compel the Plaintiffs to provide a more definite statement of the facts supporting the actions or conduct alleged of the Defendants to allow them to ascertain the nature of Plaintiff's claims.

### IV.    CONCLUSION

In conclusion, Defendants respectfully request the Court dismiss the Amended Complaint filed by the Plaintiffs as there are no exhibits showing any of the named Defendants was the actual employer of any of the Plaintiffs. The Plaintiffs admit to being paid $15 per hour and there is no overtime claim or minimum wage claim. This Court has no jurisdiction over the state unpaid wage claims and Plaintiffs refused to accept payment when it was offered at the time the employer had to downsize and fired Plaintiffs. The Court should dismiss the complaint.

Respectfully submitted

_s/R.Fleischer_

Randy A. Fleischer, Esq.
Florida Bar # 910546
8258 State Road 84
Davie FL 33324
(954) 472-8401
Fax (954) 472-8446

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday December 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing, generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 _s/R.Fleischer_
Randy A. Fleischer, Esq.
Florida Bar Number 910546
randy@rafesq.com
Law Offices of Randy A. Fleischer, P.A.
8258 State Rd 84
Davie FL 33324
954) 472-8401
954) 472-8446 (fax)
Attorney for Plaintiff

**SERVICE LIST**

**SHUMARD V. MCKEON**
**Case No. 16-CV-62468-BB**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Jared Dokovna, Esq.
Florida. Bar #833371
jared@dokovna.com
6231 PGA Blvd
Suite 104-242
Palm Beach Gardens FL 33418
786) 220-1665
305) 397-1271 Fax
Attorney for Plaintiffs
Service via CM/ECF