UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62468-BLOOM/Valle

DENNIS MARTIN SHUMARD, *et al.,*

    Plainitffs,

v.

CHRISTIAN MCKEON, *et al.*,

    Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

**COMES NOW,** the Plaintiffs, DENNIS MARTIN SHUMARD, *et al.*, and Opt-In Christian Mckeon, et al ("Defendants"), pursuant to Court Order Directing Parties to file Joint Motion to Approve the Settlement Agreement and to Dismiss the Case, (D.E. 66), and hereby notify the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

## FACTUAL BACKGROUND

1.    Plaintiffs filed their Amended Complaint on October 20, 2016 in the Southern District of Florida (D.E. 5). Plaintiff seek compensation under the Fair Labor Standards Act ("FLSA").

2.    On February 9, 2017 Defendants filed their Answer and Affirmative Defenses to the Complaint, (D.E. 39), in which they, *inter alia*: (a) denied having knowingly and willfully refused to pay Plaintiffs all of their legally entitled wages and commissions; (b) asserted that Plaintiffs refused to accept payments made to them and have unreasonably demanded commissions which were never provided or offered to them.

3. Counsel for the parties have engaged in extensive settlement discussions regarding Plaintiffs claims.

4. The parties also exchanged documents and information regarding Plaintiffs' claims, (D.E. 40) and Defendants' defenses through the statement of claim and Defendants' response thereto, (D.E. 42).

5. The parties ultimately reached a resolution of all claims at the settlement conference held on April 19, 2017. Plaintiff's attorney determined to reduce his attorney fees to amicably resolve this matter as Defendants' were providing them each with a significant portion of the amount they claimed to be owed, including an equal portion for liquidated damages. Additionally, Defendants have taken into account the uncertainty and risks inherent in any litigation.

6. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the parties' claims and defenses and make recommendations regarding the resolution of this matter.

7. The parties' Confidential FLSA Settlement Agreements contain a confidentiality provision as to the terms and conditions of the parties' settlement. Accordingly, the Settlement Agreements are being forwarded to the Court to review the terms for fairness.

## MEMORANDUM OF LAW

8. In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. See 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court reviews the parties' Agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If

the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007).

9.  At all times material hereto, Plaintiffs and Defendants were represented by counsel experienced in the litigation of FLSA claims. All the terms and conditions of the Confidential FLSA Settlement Agreements and the settlement amounts were the subject of arms-length negotiations. The settlement amounts were based on information learned through the exchange of Court-ordered initial statements of claim, exchange of payroll records, weekly schedules, and paystubs, as well as negotiations between counsel. The parties, therefore, respectfully submit that the Agreements they have entered into represent a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*.

10. The Parties agree that the lawsuit involves disputed issues, including (1) whether or not Plaintiffs were paid for all hours worked, (2) whether Plaintiffs were even entitled to additional compensation under the FLSA; and (3) whether the Defendants' acted in good faith as to bar all or part of Plaintiffs' claims.

11. The complexity, expense, and length of future litigation also militate in favor of this settlement. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiffs' claims, Plaintiffs agree that the amount each is receiving pursuant to this settlement represents a reasonable compromise.

12. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. See *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In

determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. See *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. See *Helms* at 5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where all Parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12

13. Here, the Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these claims. Further, the amount allocated for attorney's fees and costs was apportioned equally between the Plaintiffs. As such, the Parties submit that the amounts allocated to the Plaintiffs and Plaintiffs' counsel, represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350.

## CONCLUSION

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynns's Food,* the parties request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: June 7, 2017.

                                Respectfully Submitted,

By:/s/ Jared G. Dokovna_____                       By:_____
Jared G. Dokovna (FBN: 833371)                     GAVIN N.L. WHITE (FBN: 537853)
Email: Jared@Dokovna.com                           Email: Gavin.white@wilsonelser.com
The Dokovna Firm                                   WILSON, ELSER, MOSKOWITZ
6231 PGA BLVD                                      EDELMAN & DICKER LLP
Palm Beach Gardens, Fl 33418                       100 Southeast Second Street Ste. 3800
Phone: (786) 220-1665                              Miami, Florida 33131-2144
Fax: (305) 397-1271                                Phone: (305) 374-4400
Attorney for the Plaintiffs                        Fax (305) 579-0261
                                                   Attorneys for Defendants

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed this 9th day of June 2017 with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

**SERVICE LIST**

**SHUMARD V. MCKEON**
**Case No. 16-CV-62468-BB**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Randy A. Fleischer, Esq.
Florida Bar #910546
randy@rafesq.com
8258 State Rd 84
Davie Fl 33324
954-472-8401
954-472-8446 fax
Attorney for Defendants
Service via CM/ECF

Gavin N.L. White
Florida Bar # 537853
WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER LLP
100 Southeast Second Street Ste. 3800
Miami, Florida 33131-2144
Phone: (305) 374-4400
Fax (305) 579-0261
Attorney for Defendants
Service via CM/ECF